**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT GREENEVILLE**

| | | |
|---|---|---|
| GEORGE M. COOK,<br><br>*Plaintiff*,<br><br>v.<br><br>SOUTHERN HEALTH PARTNERS; FRANCHESCA SHOUN, Nurse Practitioner; CHRIS MATHES, Sheriff; TOM SMITH, Jail Adm'r,<br><br>*Defendants*. | ) | No.: 2:13-cv-30-JRG-DHI |

**MEMORANDUM AND ORDER**

The Court is in receipt of a *pro se* civil rights complaint under 42 U.S.C. § 1983 filed by a now former prisoner in the Carter County Detention Center, (Doc. 1). Plaintiff has also submitted an application to proceed *in forma pauperis* (Doc. 1). It appears from the financial data plaintiff has supplied that he is indigent and cannot afford to pay the $350.00 filing fee. Accordingly, his application is **GRANTED**.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton* Citizens Hospital, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

Under the Prison Litigation Reform Act (PLRA), district courts must screen prisoner complaints and sua sponte dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g., Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

> Responding to a perceived deluge of frivolous lawsuits, and, in particular, frivolous prisoner suits, Congress directed the federal courts to review or "screen" certain complaints sua sponte and to dismiss those that failed to state a claim upon which relief could be granted, that sought monetary relief from a defendant immune from such relief, or that were frivolous or malicious.

*Id*. at 1015-16 (6th Cir. 1999) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).

Plaintiff alleges, in his complaint, that defendants Sheriff Chris Mathis and Captain Tom Smith have been neglectful, have practiced discrimination, have committed mental and physical abuse, have caused mental and physical suffering, and have handed out cruel and unusual punishment. The Court infers from other allegations that the above-described conduct is manifested by these two defendants' failure to render to plaintiff what he believes is due him, that is, the best mental and physical care that is available at all times while he is incarcerated and to which he is entitled as a United States citizen. Plaintiff claims that he suffers from Hepatitis C, kidney stones, a lower rupture, an enlarged prostate, polyps, hemorrhoids, acute seizures, severe depression, and severe anxiety, which results in panic attacks and extreme mood fluctuations. He further claims that he is not receiving any treatment for any of his diseases.

No specific allegations of wrongdoing have been made against Defendant Sheriff Chris Mathis or Defendant Jail Administrator Tom Smith; all the allegations against them are general and conclusory. Conclusory allegations such as these do not state a claim. *See Harden-Bey v. Rutter*, 524 F.3d 789, 796 (6th Cir. 2008) ("[I]n the context of a civil rights claim, . . . conclusory

allegations of unconstitutional conduct without specific factual allegations fail to state a claim.") (citing *Lillard v. Shelby County Bd. of Educ.*,76 F.3d 716, 726 (6th Cir. 1987)); *Cline v. Rogers*, 87 F.3d 176, 184 (6th Cir.1996) (instructing courts not to suppose a plaintiff would be able to show facts not alleged or that a defendant has violated the law in ways not alleged). Plaintiff has not "stated simply, concisely, and directly events that, [he] alleged, entitled [him] to damages from the [defendants]," as he is required to do to make out a plausible constitutional claim. *Johnson v. City of Shelby, Miss*., 135 S. Ct. 346, 347 (2014) (per curiam).

But perhaps, plaintiff has named these officials as defendants under the theory that they bear overall responsibility for delivery of medical care to inmates at the Carter County Detention Center and for properly managing or supervising the facility's staff. However, §1983 liability must be based on more than respondeat superior, or a defendant's right to control employees. *Taylor v. Michigan Dep't of Corrections*, 69 F.3d 76, 80-81 (6th Cir. 1995).

Though respondeat superior does not provide a valid basis of liability, *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976), plaintiff can still hold these defendants liable so long as he can demonstrate that they implicitly authorized, approved, or knowingly acquiesced in the alleged wrongdoing of any of their subordinates. *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1244 (6th Cir. 1989). But they cannot be held liable for a mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002) ("Supervisory liability under § 1983 does not attach when it is premised on a mere failure to act; it 'must be based on active unconstitutional behavior.'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)).

Also, the failure of a prison official to review favorably a grievance provides no basis for section 1983 liability. *See Ramsey v. Martin*, 28 F.App'x 500, *502, 2002 WL 169559, *1 (6th

Cir. Jan. 31, 2002); *see also Burks v Raemisch*, 555 F3d. 592, 596 (7th Cir. 2005) ( "[Plaintiff's] view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor . . . and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right.").

As plaintiff does not allege that these defendants knew of any of the complained of lack of medical treatment, there is nothing from which to conclude that these defendants condoned any subordinate's failure to act on any risks to plaintiff's health or well-being caused by the purported medical mistreatment. *See e.g., Estate of Rosenberg v. Crandell,* 56 F.3d 35, 37 (8th Cir.1995) ("The general responsibility of a warden for supervising the operation of a prison is not sufficient to establish personal liability.").

Accordingly, defendants Sheriff Chris Mathis and Jail Administrator Tom Smith are **DISMISSED** from this lawsuit for plaintiff's failure to state a claim against them.

A prison authority's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97 (1976). Prison doctors and officials are deliberately indifferent to a prisoner's serious medical needs respectively, "in their response to a prisoner's needs" or by "interfer[ing] with treatment once prescribed." *Estelle*, 429 U.S. at 104-05. Also, "a prisoner who suffers pain needlessly when relief is readily available has a cause of action against those whose deliberate indifference is the cause of his suffering." *See Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998) (citing *Boretti v. Wiscomb*, 930 F.2d 1150, 1154-55 (6th Cir.1991)); *see also Estelle*, 429 U.S. at 103 ("[T]he denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose.").

However, where a prisoner receives some medical care and the dispute is over its adequacy, no claim has been stated. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). By the same token, a difference of opinion between medical care providers as to appropriate treatment for an inmate's ailment does not present a constitutional controversy. *Estelle*, 429 U.S. at 105-06; *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir.1997) (finding that a disagreement between prison physician and physician who originally prescribed medications is not of constitutional magnitude).

It may well be the case that plaintiff's medical claim is that he was not furnished with the particular medications in the dosage amounts that he desired. If that is plaintiff's true allegation, then he has no constitutional claim. While plaintiff may prefer to receive certain medications, the Eighth Amendment does not entitle an inmate "to demand specific care. [An inmate] is not entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *see also Fisc. v. Shappell*, 468 F.2d 1072, 1076 (6th Cir. 1972) (The Eighth Amendment does not require every request for medical care made by prisoner to be honored or the courts "to engage in a process of second-guessing in every case the adequacy of medical care that the state provides."). As long as the treatment actually afforded an inmate squares with constitutional standards, he has no right to demand a particular treatment. *Estelle*, 429 U.S. at 106-07; *McCracken v. Jones*, 562 F.2d 22 (10th Cir. 1977).

But, it is equally plausible that plaintiff is contending that he was not provided with any medication or treatment whatsoever to address the many medical conditions from which he purports to suffer. Accordingly, the claim may proceed, though it may be shown, as this claim progresses, that what seems plausible actually is not what happened.

The Clerk is **DIRECTED** to send the plaintiff two service packets (which contain a blank summons and USM 285 form) for each remaining defendant. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty (20) days of the date of receipt of this Memorandum and Order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4. Plaintiff is forewarned that failure to return the completed service packets within the time required could jeopardize his prosecution of this action.

Defendants shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. Defendants' failure to timely respond to the complaint may result in entry of judgment by default against Defendants.

Plaintiff is **ORDERED** to inform the Court, in writing, and the defendants or their counsel of record immediately of any address changes. Failure to provide a correct address to this Court within ten (10) days following any change of address may result in the dismissal of this action.

**ENTER:**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE